DICKSON, ordinary, *vs.* HILL, ordinary.

1. *Semble*, that the survey made of the county line between the counties of Rabun and Habersham, in 1878, was insufficient, and did not conform to the act of 1828, which added a part of the county of Habersham to the county of Rabun.

2. The act of 1879 makes it imperative that, when the grand jury presents that the line between its county and an adjoining county is undefined or in dispute, the ordinary shall transmit forthwith a certified copy of such presentment to the ordinary of said adjoining county; and it is the duty of the ordinaries of the respective counties to notify and direct the county surveyors to survey, mark out and define such disputed county lines. There is no discretion vested in the ordinary notified as to his duty, and upon his refusal to perform it, a *mandamus* will be granted to compel him to do so.

October 13, 1885.

County Matters. Rabun County. Habersham County. *Mandamus.* Before Judge ESTES. Rabun County. At Chambers. September 14, 1886.

Reported in the decision.

J. J. KIMSEY, for plaintiff in error.

H. S. WEST; LOUIS DAVIS, for defendant.

BLANDFORD, Justice.

The grand jury of Habersham county having presented that the county line between that county and Rabun county was undefined, requested the ordinary of Habersham to have the same defined and surveyed. This presentment was certified to the ordinary of Rabun county by the ordinary of Habersham, and he was requested by the last mentioned ordinary to direct the county surveyor of Rabun to run off, mark and define said county line; which he refused to comply with. The ordinary of Habersham filed his petition to the superior court, for a writ of *mandamus* to compel the ordinary of Rabun county to direct the county surveyor of Rabun, in conjunction with the

v-75-24

county surveyor of Habersham, to mark out and define
the line between said counties. A *mandamus nisi* was
granted by the judge of the superior court of Rabun county.
This was answered by the ordinary of Rabun county, in
which he claimed that the line between the two counties
was not undefined or in dispute, but that the same had
been surveyed in 1878, and he annexed to his answer a
plat of said survey. The judge of the superior court held
that this answer was not sufficient in law, and he made
the *mandamus* absolute. This judgment is excepted to,
and this is the error alleged.

The act of December 20th, 1828 (Acts of 1828, p. 58),
is "An act to add a part of the county of Habersham to the
county of Rabun," and it provides that " so much of the
county of Habersham as lies north and east of a line be-
ginning near the upper end of the falls on Talloola river, at
the corner of fraction number one hundred and eighty-
three, in the thirteenth district of said county of Haber-
sham, thence the ridge a northwest direction, dividing the
water of said river Talloola and the waters of Panther creek,
Deep creek and Leuque creek, until said dividing ridge in-
tersects or strikes what is called Blair's line, thence on said
Blair's line until the same strikes Wild Oat creek, the line
dividing Rabun from Habersham county, the same being a
part of the thirteenth district of Habersham county, be
added to, and become a part of the county of Rabun."
The plat of the survey made in 1878, annexed to the an-
swer of the ordinary of Rabun county, is unsatisfactory,
and it does not clearly define the line between these two
counties, particularly that portion of the line embraced in
the act of 1828, adding a part of the county of Habersham
to the county of Rabun, before set out. This survey was
made by and under the authority of the act of 1785, as
embraced in sections 574 to 576 of the Code.

On the 20th of October, 1879, the legislature passed an-
other act entitled "An act to define by re-survey the county
lines of this state, when the same are unknown or in dispute

and for other purposes." Acts of 1878 and 1879, p. 186. This latter act provides that, whenever the grand jury at any term of the superior court, in any one of the counties of this state, shall, in their general presentments, recommend that the county line, or any portion thereof, between said county and some other county adjoining, which is unde-fined, unknown or in dispute, be re-surveyed and establish-ed, it is made the duty of the ordinary to forthwith transmit a certified copy of said presentments to the ordinary of the adjoining county, and it is made the duty of the ordi-naries of each of said counties to notify and direct the county surveyors of their respective counties to run off, mark and define said county line, taking all due precaution to arrive at the true line. Under this last mentioned act, the grand jury of Habersham sought to have the line be-tween Rabun and Habersham surveyed and defined.

While we are inclined to think that the judge of the superior court was right in holding the action of the ordi-nary of Rabun county insufficient, under the survey made in 1878, inasmuch as it wholly failed to show that the line between these counties was not in dispute, yet when we consider the act of 1879, there remains no doubt as to the correctness of his judgment. This last act is imperative, that, when the grand jury presents that a line between its county and an adjoining county is undefined or in dispute, the ordinary shall forthwith transmit a certified copy of such presentment to the ordinary of such adjoining county, and it is made the duty of the ordinaries of the respective counties to notify and direct the county sur-veyors of their counties to survey and mark out and define such disputed county line. The ordinary of Rabun county had no discretion; his duty under the act enjoined him to notify and direct the county surveyor of Rabun county to proceed under this act; hence the court was right in mak-ing the *mandamus* absolute.

It would be better for the legislature to amend this law so as to provide that the presentment of the grand jury

be certified to the governor, and that he should appoint a competent surveyor to define the county line.

Judgment affirmed.